UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATRICK JOSEPH GROULX;

    *Plaintiff*;

v.

CROP PRODUCTION SERVICES;
*now known as Nutrien AG Solutions*;

    *Defendant.*
_____/

CASE NO. 19-12560

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**REPORT AND RECOMMENDATION ON DEFENDANTS MOTION TO DISMISS, PLAINTIFF'S MOTIONS FOR IMMEDIATE CONSIDERATION, PLAINTIFF'S MOTION FOR ORDER, AND PLAINTIFF'S MOTION FOR DEFENDANT TO DISCLOSE
(ECF Nos. 6, 7, 8, 15, and 19)**

**I.**  **Recommendation**

*Pro se* Plaintiff Patrick Groulx originally filed this case in Bay County Circuit Court but the case was removed to this Court on August 30, 2019. (ECF No. 1.) Plaintiff's complaint centers around Defendant's alleged spraying of a neighboring property resulting in chemical drift to his own property that he asserts caused damage to his property, person, and livestock (bees). Before the Court is Defendants' motion to dismiss (ECF No. 6) and several of Plaintiff's motions. (ECF Nos. 7, 8, 15, and 19.) The Court has reviewed and considered the arguments in the motions, briefs, responses, and replies. (ECF Nos. 6, 7, 8, 15, 17, 18, 19, 21, and 22.) For the reasons below, I **recommend** that the Court **GRANT the motion to dismiss IN PART**, **DENY the motion to dismiss IN PART (ECF No. 6),**

and **DENY Plaintiff's motions (ECF Nos. 7, 8, 15, and 19)**. If this Report is adopted, the Court would:

- Dismiss all claims in the Complaint except for Count 4, the construed negligence claim regarding Defendant's spraying in May 2018 and May 19, 2019 (ECF No. 6), and

- Deny Plaintiff's motions. (ECF Nos. 7, 8, 15, and 19.)

Therefore, if this Report is adopted, only Plaintiff's construed negligence claim under Count IV will remain.

## II. Report

### A. Plaintiff's Complaint

Plaintiff avers that

> In May of 2018 Plaintiff was on his own property at 2070 Houlihan Road in the township known as Spaulding which resides in the County known as Saginaw, and north of the property where he resides is a farm field of about 35 to 40 acres owned by PM Farms, LLC. On a certain day in that month of May of 2018 Plaintiff was sprayed with an herbicide by CROP PRODUCTION SERVICES (which changed their name in July of 2018 to Nutrien Ag Solutions)(See Exhibit A) that caused Erectile Dysfunction issues where Plaintiff could not have an orgasm for 14 days and the spray drifted onto Plaintiff's Honey Crisp Apple Tree burning 75% leaves causing serious injury (MCL 750.382)(See Exhibit-B).
>
> On May 19, 2019 Patrick-Joseph: Groulx was on his property attending his garden as his back is facing North where the field is at and directly behind his garden is a Big Red Farm Barn and he could smell a chemical, he stood up, walked east toward his house and turned north toward the field and as he turned, a plume of chemicals hit him and got into his mouth, lungs, eyes, nose and on to his skin. Patrick-Joseph: Groulx ran into the house because his eyes began burning and washed them out immediately, then immediately got into a car and traveled from Houlihan Road to Evon Road where the sprayer was refilling. When Patrick-Joseph: Groulx showed up at the location he confronted the individuals at the place where the sprayer was being refilled, Patrick was demanding to see the Material Safety Data Sheet (MSDS), the employer refused to speak to him and when Patrick

> Tagget (the owner of the land) showed up he (the owner of the land) told Nutrien Ag Solutions to go to the next field and refused to provide him with a MSDS sheet.
>
> After Patrick-Joseph: Groulx left the site he began having breathing problems and went to the emergency room at Saint Mary's in Saginaw where he was treated for chemical exposure, Patrick-Joseph: Groulx was given an anti-inflammatory and was put on a hand held breathing device while at the hospital, he was prescribed an anti-inflammatory and a breathing apparatus when discharged. (See Exhibit C).
>
> Throughout the week Patrick-Joseph: Groulx was still coughing periodically throughout each day and was suffering from headaches for 5 days, and again he had Erectile Dysfunctional issues again where he could not have an orgasm for 13 days, causing blood to be in his semen on the 14th day after exposure.

(ECF No.1, PageID.15-16.)

Based on these factual allegations, Plaintiff alleges the following Counts:

> (1) "not being a respectful corporation" based on the fact that although Defendant told Plaintiff in 2018 that they would contact Plaintiff before the next spraying so Plaintiff could protect himself, his property, and animals, Defendant made no attempts to contact Plaintiff (ECF No.1, PageID.17);
>
> (2) "injuring Plaintiff's honey crisp apple tree (MCL 750.382)," which "is considered a Misdemeanor by LAW" (*Id.*);
>
> (3) "endangering Plaintiff's property that consists of bumble bees, dragon flies, and monarch butterflies in May of 2018," citing "Act 451 of 1994 in the MCL" (ECF No.1, PageID.17-18);
>
> (4) "having no regards of wind direction and how wind works when spraying a carcinogen that got all over and in Plaintiff's body in May of 2018 that caused erectile dysfunction issues where Plaintiff could not have an orgasm for 13 days," (ECF No. 1, PageID.18);
>
> (5) "fraudulently not allowing and/or giving Plaintiff the material data safety sheet on May 19, 2019 on or about 10:45 am on Evon Road in and around the township known as Spaulding in the County known as Saginaw," citing "25 CFR 1910.1200 and MIOSHA Act 154 in the MCL" (ECF No. 1, pageID.19);

  (6) "fraudulently endangering Plaintiff's life with a hazardous chemical that can cause cancer on May 19, 2019 on or about 10:45 am at 2070 Houlihan Road in and around the Township known as Spaulding in and for the County known as Saginaw" (ECF No. 1, PageID.19-20);

  (7) "fraudulently injuring a 35-40 foot maple tree (MCL 750.382) on Plaintiff's property on May 19, 2019 and thereafter at 2070 Houlihan Road in and for the Township known as Spaulding in and for the County known as Saginaw" (ECF No. 1, PageID.20-21);

  (8) "fraudulently endangering and killing Plaintiff's property that consists of bumble bees and monarch butterflies on May 19, 2019 and thereafter at 2070 Houlihan Road in the Township known as Spaulding in and for the County known as Saginaw," citing "ACT 451 of 1994 in the MCL" (ECF No. 1, PageID.21); and

  (9) "fraudulently injuring Plaintiff with a hazardous chemical on May 19, 2019 at 2070 Houlihan Road in the Township known as Spaulding in and for the County known as Saginaw at about 10:45 am and thereafter until June 12, 2019 by hospitalizing Plaintiff for about 4 hours and causing Plaintiff to suffer from headaches each day with a cough between May 22, 2019 and May 26, 2019, causing Plaintiff to have erectile dysfunctional issues of not being able to have an orgasm or ejaculate between May 23, 2019 and June 12, 2019 which caused blood in the semen on June 13, 2019" (ECF No. 1, PageID.22.)

Plaintiff seeks "a total of 1,424,125,000.00 (One Billion Four Hundred twenty-Four million One Hundred twenty-Five Hundred Thousand Dollars) with an annual interest rate of 13% compounded each month with 1% from the time of filing a Summons and Complaint for punitive damages and pain and injury." (ECF No. 1, PageID.22.)

  **B.** **Standard of Review - Motion to Dismiss**

  A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint with regard to whether it states a claim upon which relief can be granted. When deciding a motion under this subsection, "[t]he court must construe the complaint in the

4

light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007) (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

When a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Federal Rule of Civil Procedure 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this

relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action, it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

The Supreme Court has explained that the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although Rule 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth . . . . When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

  **C.**   **Arguments and Analysis**

    **1.**   **Defendant's motion to dismiss (ECF No. 6)**

Defendant's motion to dismiss contends that Plaintiff's non-statutory claims are not plead with sufficient specificity and that his statutory claims should be dismissed as the cited statutes do not provide a private cause of action for money damages. (ECF No. 6, PageID.62.)

Defendant contends that Counts 1 and 4, construed as common law negligence claims, must fail. As to Count I, Defendant alleges it must fail because Plaintiff cannot establish that Defendant owed a duty to Plaintiff and Plaintiff's vague allegation that someone promised to provide notice to Plaintiff before spraying at the PM Farm, LLC again does not create a duty. (ECF No. 6, PageID.66-67.) Although it may be good business practice to abide by a neighbor's request to have some notice before spraying, Plaintiff has failed to cite any authority showing that any such duty exists nor has the court found any such authority. Accordingly, I suggest that Count 1 fails as a matter of law.

In addition, Defendant contends that Count 4 does not provide enough specificity as to how Defendant was negligent in applying the herbicide during unsuitable wind conditions, *e.g.*, the wind speed that day, the distance from his property to the area sprayed, or the date of the chemical drift. (ECF No. 6, PageID.67.) However, the Complaint does state that the spraying occurred in May of 2018 (ECF No. 1, PageID.18) and the general allegations detail the events of May 2018 and May 19, 2019, and the effects suffered after the spraying in May 2018 and 2019. (ECF No. 1, PageID.15-16.) This is adequate under Rule 8. Although Count 4 itself refers only to the 2018 spraying, since the May 19, 2019 date is detailed in the general allegations, I suggest that construing the complaint liberally results in a finding that Count 4 should be read to allege negligence in May of 2018 and on May 19, 2019.

Even so, Defendant also argues that the Complaint fails to establish a duty on Defendant's part, thereby striking a fatal blow to Plaintiff's negligence claim. However, Michigan appears to recognize a neighboring landowner's duty to refrain from negligently

7

spraying on one's own property in a manner than may cause chemicals to drift onto the neighboring property. In *Burton v. Topacz*, 2000 WL 33407430 (Mich. Ct. App. Aug. 18, 2000), the plaintiff and defendant were "neighboring landowners" and the plaintiff claimed the defendant sprayed his fruit orchard in a negligent manner, ignoring wind conditions, that caused the plaintiff to suffer aggravated asthma symptoms. The appellate court held that it was error for the trial court to direct a verdict in favor of the defendant based on a failure of proof of causation. The trial court and the appellate court appeared to have presumed that the defendant owed a duty to his neighbor not to spray in a negligent manner that caused injuries to the plaintiff. *Cf. Rowland v. Superintendents of Poor for Kalamazoo Co.*, 49 Mich. 553, 558-561 (1883) (noting that owners of property "in duty bound, to produce no injury to others," and thus cannot "with impunity, negligently set fires, or carelessly permit them to extent to and destroy the property of their neighbors"). Accordingly, I suggest that Plaintiff's allegations under Count 4, *i.e.*, that defendant sprayed in a negligent manner, ignoring wind conditions and causing damage to his person and property, is facially sufficient to withstand a motion to dismiss. The proper motion to challenge the factual support for the claim, such as evidence of the wind speed on that date and at that time. is a motion for summary judgment, not a motion to dismiss.

As to Counts 2, 3, 5, 7, and 8, wherein statutory provisions are cited as a basis for the claims, Defendant argues that since none of the cited provisions provide for a private cause of action, these claims must fail. (ECF No. 6, PageID.67-68.) Counts 2 and 7 cite Mich. Comp. Laws 750.382, providing the elements and penalties for the crime of malicious destruction of trees, shrubs, plants or soil. There is no provision for a private

8

cause of action and "[b]y expressly conferring enforcement authority only on prosecutors and the Attorney General, the statute would seem by implication not to confer similar authority on a private party." *Epps v. 4 Quarters Restoration, LLC*, 498 Mich. 518, 535 (2015). Counts 3 and 8 cite "ACT 451 of 1994 in the MCL," which is codified as Mich. Comp. Laws § 324.1701, providing for actions for declaratory and equitable relief. Since it does not address actions, such as the instant action, for monetary relief only, it is inapposite and cannot support Plaintiff's claims under Counts 3 and 8. Count 5 cites 25 CFR 1910.1200 and MIOSHA Act 154 in the MCL" but since these statutes, OSHA and MIOSHA, apply only to protect employees from dangerous conditions in the workplace, 29 U.S.C. § 664(a)(1), it provides no cause of action for Plaintiff.

Accordingly, I suggest that all of Plaintiff's claims be dismissed for failure to state a claim except the common law negligence claim under Count 4 regarding spraying occurring in May 2018 and on May 19, 2019.

### 2. Plaintiff's motions (ECF Nos. 7, 8, 15 and 19)

Plaintiff's first motion for immediate consideration challenges the propriety of this Court's subject matter jurisdiction and the Notice of Removal. (ECF No.7.) The Notice of Removal cites diversity jurisdiction as the basis for removal. 28 U.S.C. § 1332. Plaintiff is a citizen of the State of Michigan and Defendant is a citizen of Delaware (where the corporation is organized) and Colorado (where it has its principal place of business). (ECF No. 1, pageID.4.) Plaintiff does not challenge these assertions but rather explains, in his second Motion for Immediate Consideration (ECF No. 8), that Defendant has 30 locations in Michigan and therefore, must also be a citizen of Michigan. (ECF No. 8, PageID.74-76.)

9

However, a corporation is only a citizen of the State in which it has been incorporated and the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Therefore, removal was proper and this Court has subject matter jurisdiction over this action.

Plaintiff's motion for Order (ECF No. 15) asks for "a relief for an ORDER granting him to grow 15 plants and have 40 pounds of usable Cannabis in his possession to smoke, eat, drink and make oil to bathe with." (ECF No. 15, PageID.98.) The Court lacks the power to grant the relief requested.

Plaintiff's motion for Defendant to disclose affiliations (ECF No. 19) is procedurally inappropriate as Defendant is already required to disclose affiliations pursuant to and under the terms described in Local Rule 83.4.

Accordingly, I recommend that Plaintiff's motions (ECF Nos. 7, 8, 15, and 19) be denied.

### III. Conclusion

For the reasons above, I **recommend** that the Court **GRANT the motion to dismiss IN PART**, **DENY the motion to dismiss IN PART (ECF No. 6),** and **DENY Plaintiff's motions (ECF Nos. 7, 8, 15, and 19)**.

### IV. Review

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific

10

objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 15, 2020  S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge

11

## **CERTIFICATION**

     I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: January 15, 2020                     By <u>s/ Kristen Castaneda</u>
                                                  Case Manager