**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

PATRICK JOSEPH GROULX,

      *Plaintiff,*

v.

CROP PRODUCTION SERVICES,
*now known as Nutrien AG Solutions*;

      *Defendant.*

                                 /

CASE NO. 19-12560
DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

## **REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION (ECF No. 31)**

*Pro se* Plaintiff Patrick Groulx originally filed this case in Bay County Circuit Court but the case was removed to this Court on August 30, 2019. (ECF No. 1.) Plaintiff claims that Defendant Crop Production Services sprayed chemicals that drifted onto his land and caused all manner of physical malady. (ECF No. 1, PageID.15-16.) In a still-pending Report and Recommendation earlier this year, I recommended granting in part Defendant's motion to dismiss, leaving only a claim of negligence. (ECF No. 24.) Subsequently, Plaintiff filed the present motion to amend his complaint and for an injunction. (ECF No. 31.) For the reasons that follow, I **recommend** that the Court **DENY** the motion.

**II.**    **Report**

     **A.**    **Facts and Procedural History**

Plaintiff's complaint states that

[i]n May of 2018 Plaintiff was on his own property at 2070 Houlihan Road in the township known as Spaulding which resides in the County known as Saginaw, and north of the property where he resides is a farm field of about 35 to 40 acres owned

1

      by PM Farms, LLC. On a certain day in that month of May of 2018 Plaintiff was sprayed with an herbicide by CROP PRODUCTION SERVICES (which changed their name in July of 2018 to Nutrien Ag Solutions)(See Exhibit A) that caused Erectile Dysfunction issues where Plaintiff could not have an orgasm for 14 days and the spray drifted onto Plaintiff's Honey Crisp Apple Tree burning 75% leaves causing serious injury (MCL 750.382)(See Exhibit-B).

      On May 19, 2019 Patrick-Joseph: Groulx was on his property attending his garden as his back is facing North where the field is at and directly behind his garden is a Big Red Farm Barn and he could smell a chemical, he stood up, walked east toward his house and turned north toward the field and as he turned, a plume of chemicals hit him and got into his mouth, lungs, eyes, nose and on to his skin. Patrick-Joseph: Groulx ran into the house because his eyes began burning and washed them out immediately, then immediately got into a car and traveled from Houlihan Road to Evon Road where the sprayer was refilling. When Patrick-Joseph: Groulx showed up at the location he confronted the individuals at the place where the sprayer was being refilled, Patrick was demanding to see the Material Safety Data Sheet (MSDS), the employer refused to speak to him and when Patrick Tagget (the owner of the land) showed up he (the owner of the land) told Nutrien Ag Solutions to go to the next field and refused to provide him with a MSDS sheet.

      After Patrick-Joseph: Groulx left the site he began having breathing problems and went to the emergency room at Saint Mary's in Saginaw where he was treated for chemical exposure, Patrick-Joseph: Groulx was given an anti-inflammatory and was put on a hand held breathing device while at the hospital, he was prescribed an anti-inflammatory and a breathing apparatus when discharged. (See Exhibit C).

      Throughout the week Patrick-Joseph: Groulx was still coughing periodically throughout each day and was suffering from headaches for 5 days, and again he had Erectile Dysfunctional issues again where he could not have an orgasm for 13 days, causing blood to be in his semen on the 14th day after exposure.

(ECF No.1, PageID.15-16.)

Based on these factual allegations, Plaintiff alleges the following Counts:

      (1) "not being a respectful corporation" based on the fact that although Defendant told Plaintiff in 2018 that they would contact Plaintiff before the next spraying so Plaintiff could protect himself, his property, and animals, Defendant made no attempts to contact Plaintiff (ECF No.1, PageID.17);

(2) "injuring Plaintiff's honey crisp apple tree (MCL 750.382)," which "is considered a Misdemeanor by LAW" (*Id.*);

(3) "endangering Plaintiff's property that consists of bumble bees, dragon flies, and monarch butterflies in May of 2018," citing "Act 451 of 1994 in the MCL" (ECF No.1, PageID.17-18);

(4) "having no regards of wind direction and how wind works when spraying a carcinogen that got all over and in Plaintiff's body in May of 2018 that caused erectile dysfunction issues where Plaintiff could not have an orgasm for 13 days," (ECF No. 1, PageID.18);

(5) "fraudulently not allowing and/or giving Plaintiff the material data safety sheet on May 19, 2019 on or about 10:45 am on Evon Road in and around the township known as Spaulding in the County known as Saginaw," citing "25 CFR 1910.1200 and MIOSHA Act 154 in the MCL" (ECF No. 1, pageID.19);

(6) "fraudulently endangering Plaintiff's life with a hazardous chemical that can cause cancer on May 19, 2019 on or about 10:45 am at 2070 Houlihan Road in and around the Township known as Spaulding in and for the County known as Saginaw" (ECF No. 1, PageID.19-20);

(7) "fraudulently injuring a 35-40 foot maple tree (MCL 750.382) on Plaintiff's property on May 19, 2019 and thereafter at 2070 Houlihan Road in and for the Township known as Spaulding in and for the County known as Saginaw" (ECF No. 1, PageID.20-21);

(8) "fraudulently endangering and killing Plaintiff's property that consists of bumble bees and monarch butterflies on May 19, 2019 and thereafter at 2070 Houlihan Road in the Township known as Spaulding in and for the County known as Saginaw," citing "ACT 451 of 1994 in the MCL" (ECF No. 1, PageID.21); and

(9) "fraudulently injuring Plaintiff with a hazardous chemical on May 19, 2019 at 2070 Houlihan Road in the Township known as Spaulding in and for the County known as Saginaw at about 10:45 am and thereafter until June 12, 2019 by hospitalizing Plaintiff for about 4 hours and causing Plaintiff to suffer from headaches each day with a cough between May 22, 2019 and May 26, 2019, causing Plaintiff to have erectile dysfunctional issues of not being able to have an orgasm or ejaculate between May 23, 2019 and June 12, 2019 which caused blood in the semen on June 13, 2019" (ECF No. 1, PageID.22.)

Plaintiff seeks the hefty sum of "1,424,125,000.00 (One Billion Four Hundred twenty-Four million One Hundred twenty-Five Hundred Thousand Dollars) with an annual interest rate of

13% compounded each month with 1% from the time of filing a Summons and Complaint for punitive damages and pain and injury." (ECF No. 1, PageID.22.)

On September 6, 2019, Defendant filed a motion to dismiss, (ECF No. 6), which was followed by a slew of motions from Plaintiff. (ECF Nos. 7, 8, 15, 19.) All of those motions were the subject of my earlier Report and Recommendation, which remains pending. (ECF No. 24.) Plaintiff's current motion seeks to amend the complaint and requests an injunction. (ECF No. 31.) Defendants have responded and the matter is ready for resolution. (ECF No. 31.)

### B. Amending the Complaint

In contravention of the District's Local Rules, 15.1, Plaintiff did not attach his amended complaint to his motion and has not otherwise filed it. What his amended complaint would look like is a matter of conjecture. In a little less than a page, his motion hints at three changes. First, he wants to add as defendants various subsidiaries of Defendant and another entity "which seems to either be the authority over all the names [*sic*]." (ECF No. 31, PageID.192.) Second, he wants to amend the complaint to "include the full issues" so that he can "explain the whole story to the courts on what has been going on since 2013 and speak upon all the medical issues the hazardous chemical has been causing." (*Id.*) He then lists multiple physical and mental impairments that have beset him, including erectile disfunction, troubles with his sphincter resulting in surgery, vomiting, "dying," depression, overeating, undereating, suffocation on mucous, and destroyed teeth. (*Id.*) Finally, he wants to "add a new allegation of '**_assault to do great bodily harm but less than murder_**'" because "the University Of Michigan believes that Plaintiff's Gastral Intestinal Nerves have been damaged," and it is unknown whether or when they might recover. (*Id.*, PageID.193.)

4

>Federal Rule of Civil Procedure 15(a)(1) provides for amendments as a matter of course:
>
>A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

"In all other cases, party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). To determine whether to grant leave, courts consider undue delay, lack of notice, prejudice to the opposing party, and the futility of the amendments; the "critical factors" are notice and prejudice. *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 459 (6th Cir. 2001) (citation omitted). An amendment "is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Co.*, 408 F.3d 803, 817 (6th Cir. 2005).

In this case, Defendant filed its Rule 12(b)(6) motion on September 6, 2019. (ECF No. 6.) Plaintiff had 21 days from that date to amend as a matter of course. Fed. R. Civ. P. 15(1)(B). His motion to amend was not filed until January 30, 2020, well past the 21-day mark. (ECF No. 31.) Therefore, he is not entitled to amend as a matter of course and needs leave of the court to do so.

I conclude that leave should not be granted. Plaintiff has provided no reason why the new entities should be added to the case. He has not alleged in any filing that these entities played a role in the events at issue. As for his desire to now tell the "whole story," it is not clear what that story is or why he could not tell it before. It appears to relate to his physical injuries, but the list he provides repeats many items already mentioned in his present complaint, which generally alleges physical injury from his exposure to the chemical. (ECF No. 1, PageID.28.) To the extent

he adds anything new, he has not explained why he was unable to raise these conditions well before now, either in the original complaint or within 21 days of Defendant's motion to dismiss. There would be little to no benefit to Plaintiff from these amendments but there would be prejudice in forcing Defendant to face a new complaint over six months after the case was removed to federal court.

Finally, Plaintiff's last requested amendment appears to be a claim under Michigan criminal statutes for assault with intent to do great bodily harm, less than murder. *See* Mich. Comp. L. § 750.84(1)(a). The statute neither expressly creates a private cause of action, nor could one be inferred from it because it does not purport to protect a discrete class from the particular harm Plaintiff alleges but rather provides for criminal penalties covering a broader range of conduct. *See Epps v. 4 Quarters Restoration LLC*, 498 Mich. 518, 534 (2015) (noting the general rules on private causes of action); *Patton v. Village of Cassopolis*, 2012 WL 205832, at *5 (Mich. Ct. App. Jan. 24, 2012) ("[G]enerally, where a statute contains criminal penalties for violations of its provisions, this Court has held that no private cause of action based on alleged violations of the statute will lie."). Even if the statute gave a cause of action, Plaintiff has not alleged any facts suggesting that Defendant formed the necessary intent to inflict great bodily harm. For the same reason—*i.e.*, the lack of allegations concerning intent—the claim would fail if construed as a tort action for assault. *See Smith v. Stolberg*, 231 Mich. App. 256, 260 (Mich. Ct. App. 1998) ("An assault is 'any intentional unlawful offer of corporal injury to another person by force, or force unlawfully directed toward the person of another, under circumstances which create a well-founded apprehension of imminent contact, coupled with the apparent present ability to accomplish the contact.'" (citation omitted)).

Thus, I recommend denying the motion to amend.

## C. Injunctive Relief

Plaintiff's entire argument for an injunction is as follows:

> Plaintiff asks for compassion for an injunction to stop PM FARMS LLC, Patrick Tagget and Tagget Farms to quit spraying people or hiring people to spray near my property, Plaintiff cannot keep getting hit with my neighbor who ever he hires chemical. Plaintiff should not have to be barred inside on beautiful days in May; Plaintiff should not have to live each year watching his yard die because Defendant and Patrick Tagget, do not care!

(ECF No. 31, PageID.193 (*sic* throughout).) Defendant counters that Plaintiff has failed to assert any elements necessary for injunctive relief. (ECF No. 33, PageID.199.)

In determining whether a TRO or preliminary injunction should be granted, courts consider the following factors:

> (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff could suffer irreparable harm without the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest.

*Monaghan v. Sebelius*, 916 F. Supp. 2d 802, 807 (E.D. Mich. 2012). Because preliminary relief is "an extraordinary remedy," the movant must make a far more stringent showing of proof than that required to survive summary judgment. *Winger v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see Farnsworth v. Nationstar Mortg., LLC*, 569 F. App'x 421, 425 (6th Cir. 2014).

The first fatal flaw in the request is that Plaintiff has made no argument that the injunction is necessary to prevent the non-parties (who are the subjects of the injunction) from engaging in conduct that would affect the adjudication of this case—without this showing, the Court lacks jurisdiction over the non-parties. *In re N.A.A.C.P., Special Contribution Fund*, 849 F.2d 1473, 1988 WL 61504, at *4 (6th Cir. 1988) (unpub.); *cf. Shavers v. Bergh*, 2012 WL 1377169, at *2

7

(W.D. Mich. Mar. 29, 2019) ("This court only has jurisdiction over the named defendants and does not have authority to issue an injunction against non-parties to this action."), *rep. & rec. adopted by* 2012 WL 1377103 (W.D. Mich. Apr. 19, 2012). Nor has Plaintiff shown, under Fed. R. Civ. P. 65(d)(2)(C), that the non-parties "are in active concert or participation" with Defendant, such that they can be bound by an injunction or restraining order.

Irrespective of the jurisdictional issue, Plaintiff's failure to engage the necessary elements for injunctive relief dooms his motion. To the extent he relies on his claims for property damage, my earlier Report explains why those claims should be dismissed; thus, I see no likelihood of success. (ECF No. 24, PageID.175-176.) And although he has claimed various ailments from the spraying, he has not alleged that the spraying is ongoing or that his conditions have been affected at all by the non-parties' actions. Thus, it is hard to see how Plaintiff would suffer irreparable harm absent the injunction. Also, it is impossible to determine how the non-parties he seeks to enjoin would be affected by the injunction. Indeed, the scope of Plaintiff's request itself is not entirely clear.

For these reasons, I recommend denying Plaintiff's request for an injunction.

### D. Conclusion

In light of the above analysis, I **RECOMMEND** that Plaintiff's motion be **DENIED**. (ECF No. 31.)

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond

to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 12, 2020        S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge

**CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: March 12, 2020        By s/ Kristen Castaneda
Case Manager