UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATRICK JOSEPH GROULX,

        Plaintiff,                          Case No. 19-12560

v.                                         Honorable Thomas L. Ludington
                                             Magistrate Judge Patricia T. Morris

CROP PRODUCTION SERVICES,

        Defendant.
_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING REPORT & RECOMMENDATION, AND DISPOSING OF ECF NOS. 6, 7, 8, 15, 19 AND 37**

On July 28, 2019, Plaintiff filed a complaint in Bay County Circuit Court which was removed on August 30, 2019. ECF No. 1. Plaintiff "alleges that on May 19, 2018, he was on his property and was injured when he was allegedly sprayed with an herbicide that caused serious medical injuries and injury to his property." *Id.* at PageID.2. On September 5, 2019, all pretrial matters in the case were referred to Magistrate Judge Morris. ECF No. 5.

On September 9, 2019, Defendant filed a motion to dismiss and Plaintiff filed a motion for immediate consideration of a hearing and motion for immediate consideration to challenge jurisdiction and removal. ECF Nos. 6, 7, 8. Then on September 18, 2019 Plaintiff filed a motion for an order providing him protection under the federal investigative new drug program to grow cannabis. ECF No. 15. Finally, on September 27, 2019, Plaintiff file a motion to deny action by defendant until defendant discloses affiliations. ECF No. 19. On January 15, 2020, Magistrate Judge Morris issued a report and recommendation addressing all five motions. ECF No. 24. Judge Morris recommended that this Court grant in part and deny in part Defendant's motion to dismiss and deny Plaintiff's motions. *Id.*

**I.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be made within 14 days after the report and recommendation is filed. *Id.* In addition, the opposing party may file a response to the objections within 14 days of receiving the objections. *Id.* Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate

and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Id.*

## II.

On January 30, 2020, Plaintiff filed five objections to the report and recommendation in five separate filings. ECF Nos. 25-29. This was 15 days after the report and recommendation was filed. Because Plaintiff is pro se, the Court will consider Plaintiff's motions. However, Plaintiff is an e-filer and is cautioned that future deadline extensions may result in motions or responses not being considered. On February 14, 2020, fifteen days after Plaintiff filed his objections, Defendant filed a response to Plaintiff's objections. ECF No. 32. Defendant's objections were filed one day later than the 14 day response window. On April 18, 2020 Plaintiff filed a motion titled a "motion to dismiss" that seeks to strike Defendant's response as untimely.  ECF No. 37. However, Defendant will be granted the same one day extension that Plaintiff received for his objections. Plaintiff's motion, ECF No. 37, will be denied and Defendant's response will be considered.

Defendant explains in his response that "[a]lthough Plaintiff filed five separate objections to the Court's Report and Recommendation, he has not presented any specific or non-frivolous legal objections to the proposed findings and recommendations. Indeed, given their general and conclusory nature, Plaintiff's objections fail to meet the requisite standard and should therefore be rejected." ECF No. 32 at PageID.196.

## A.

In his first objection, Plaintiff "requests this Court to reconsider the dismissing of the 4 allegations [Counts II, III, VII, and VIII] and to allow Plaintiff to combine the 4 allegations and change the allegation heading to 'Destruction of Personal Property and/or Injuring Personal Property'." ECF No. 25 at PageID.181. Plaintiff explains that he "whole hardly [agrees] with the

Court that the allegations as they stand, have no relief and should be dismissed." *Id.* This is not a proper objection. Plaintiff admits that he is entitled to no relief as the claim stands. If Plaintiff desired to amend his pleading, he should have filed an amended complaint after Defendant filed its motion to dismiss. Plaintiff cannot now seek to amend his complaint by objecting to Judge Morris' report and recommendation. Plaintiff's first objection, ECF No. 25, will be overruled.

**B.**

In his second objection, Plaintiff explains that he "agrees whole hardly with the Court that 25 CFR 1910.1200 and MIOSHA Act 154 in the MCL does not give an avenue to allow a person outside of a company who uses hazard chemicals to obtain a copy of a material safety data sheet." ECF No. 26 at PageID.182. For relief, Plaintiff "requests to allow the filing of a Constitutional Challenge on the Law" or "to change the heading to reference that the adverse Party violated Plaintiff's Constitutional Rights in referring to equal treatment as an employee having rights to the MSDS when they are molested or somehow affected by a hazardous chemical." *Id.* at PageID.182-183. Again, Plaintiff fails to allege any error in Magistrate Judge Morris' report and recommendation. Accordingly, Plaintiff's second objection will be overruled.

**C.**

Plaintiff explains in his third objection that he "is in great question [] about Count IX . . . [S]ince Count IX was never mentioned in the ECF No. 24." ECF No. 27 at PageID.184. Plaintiff then requests to combine Counts IV, VI, and IX. Plaintiff provides no explanation for why he should be allowed to combine the counts at this stage. Therefore, his request to combine the counts will be denied. However, while Magistrate Judge Morris specified that all claims except for Count IV fail to state a claim, it appears she inadvertently failed to include her rationale for dismissing

Count IX in the report and recommendation. Therefore, this Court will address Defendant's motion to dismiss Count IX *de novo*. In Count IX, Plaintiff alleges Defendants were

> fraudulently injuring plaintiff with a hazardous chemical on May 19, 2019 at 2070 Houlihan Road . . . about 10:45 am and there after until June 12, 2019 by hospitalizing plaintiff for about 4 hours and causing plaintiff to suffer from headaches each day with a cough between May 22, 2019 and May 26, 2019, causing plaintiff to have erectile dysfunctional issues of not being able to have an orgasm or ejaculate between May, 23, 2019 and June 12, 2019 which caused blood in the semen on June 13, 2019.
> ECF No. 1-1 at PageID.22.

Defendants respond that this 'fraud' claim "fail[s] to plead any of the elements of common law fraud with the particularity required by Rules 8(a) or 9(b)." ECF No. 6 at PageID.69. While the pleader need not provide "detailed factual allegations" to survive dismissal, the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Federal Rule of Civil Procedure (FRCP) 8(a)(2) provides that "a pleading that states a claim for relief must contain: a short and plain statement of the claim showing that the pleader is entitled to relief." However, when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FRCP 9(b). In this case, Plaintiff alleges an injury, but does not allege any fraudulent statement or behavior by Defendant. Accordingly, Count IX will be dismissed and Plaintiff's third objection will be overruled.

**D.**

In Plaintiff's fourth objection he "asks that The Honorable Patricia T. Morris present the issue [dismissing ECF No. 15 because the Court lacks the power to grant relief] before the Honorable District Judge Thomas L. Ludington, to see if he can, if he then cannot, I do comprehend then dismissing ECF No. 15." ECF No. 28. Plaintiff has identified no error committed by

Magistrate Judge Morris, but simply expressed his confusion regarding the power of this Court regarding his motion for an order protecting him from federal investigation to grow and use cannabis. This is not a valid objection and accordingly, it will be overruled.

### E.

In his fifth objection, Plaintiff explains that he "whole hardly agrees with the Court that the wind speed needs to be addressed and will take in great consideration filing a summary judgment (after discovery closes) but it is not just the wind speed to be taken in account, the direction of the sprayer in which it was heading, how fast the sprayer was moving the weight of the sprayer and the turning vector force of the sprayer creating its own wind current helping the chemical drift further from the sprayer on to Plaintiff's property." ECF No. 29 at PageID.188. In his conclusion, Plaintiff states that he believes "a mathematical story problem with all those factors in play" is needed and should be presented to a mathematician at Delta College. *Id.* Plaintiff identifies no error in Magistrate Judge Morris' report and recommendation in this objection. Plaintiff may address the concern regarding wind speed issue in a dispositive motion if he desires. Plaintiff's fifth objection will be overruled.

### III.

Accordingly, it is **ORDERED** that Plaintiff's objections, ECF Nos. 25-29, are **OVERRULED** and the magistrate judge's report and recommendation, ECF No. 24, is **ADOPTED**.

It is further **ORDERED** that Defendant's Motion to Dismiss, ECF No. 6, is **GRANTED IN PART AND DENIED IN PART**. Defendant's motion is **GRANTED** as to Counts I, II, III, V, VI, VII, VIII, and IX. Defendant's motion is **DENIED** as to Count IV.

It is further **ORDERED** that Plaintiff's Motions, ECF Nos. 7, 8, 15, and 19 are **DENIED**.

- 7 -

It is further **ORDERED** that Plaintiff's Motion to Dismiss, ECF No. 37, is **DENIED**.

Dated: April 24, 2020                                       s/Thomas L. Ludington
                                                           THOMAS L. LUDINGTON
                                                           United States District Judge