UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATRICK JOSEPH GROULX,

        Plaintiff,           Case No. 19-12560

v.                                   Honorable Thomas L. Ludington
                                     Magistrate Judge Patricia T. Morris

CROP PRODUCTION SERVICES,

        Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On July 28, 2019, Plaintiff filed a complaint in Bay Count Circuit Court which was removed on August 30, 2019. ECF No. 1. Plaintiff "alleges that on May 19, 2018, he was on his property and was injured when he was allegedly sprayed with an herbicide that caused serious medical injuries and injury to his property." *Id.* at PageID.2. On September 5, 2019, all pretrial matters in the case were referred to Magistrate Judge Morris. ECF No. 5.

Judge Morris filed two report and recommendations in response to motions filed by Plaintiff and Defendants. ECF Nos. 24, 36. Both report and recommendations were adopted on April 24, 2020. ECF Nos. 38, 39. On May 13, 2020 Plaintiff filed a motion for reconsideration. ECF No. 43.

Pursuant to Eastern District of Michigan Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order within fourteen days. A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Mich.*

*Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). *See also Bowens v. Terris*, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015).

Plaintiff was warned in this Court's previous order adopting Judge Morris' first report and recommendation that while he is a pro se plaintiff, he is an e-filer and failing to meet future deadlines "may result in motions or responses not being considered." ECF No. 38 at PageID.220. This Court adopted Judge Morris' report and recommendations on April 24, 2020. Plaintiff's motion for reconsideration was not filed until May 13, 2020, five days after the fourteen-day deadline passed. Therefore, Plaintiff's motion is untimely and will be denied. In addition to being untimely, Plaintiff failed to identify a palpable error in their Court's previous orders. Plaintiff cites to Michigan Administrative Code Rule 285.637.10 regarding pesticide drift and "requests the COURT to review 285.637.10 of the Michigan Administrative Code and reconsider with compassion by reinstating COUNT-I of Plaintiff's Complaint." ECF No. 43 at PageID.236. Plaintiff provides no explanation for why this rule citation should create a different outcome and should result in Count 1 being reinstated. As such, Plaintiff fails to identify a palpable error in this Court's previous decision.

On May 12, 2020, this Court returned, by a second order of reference, all pretrial matters to Magistrate Judge Morris. ECF No. 42. The case is now ready to proceed to discovery and motion practice under a case management and scheduling order issued by the Magistrate Judge.

- 3 -

Accordingly, it is **ORDERED** that Plaintiff's Motion for Reconsideration, ECF No. 43, is **DENIED**.

Dated: May 15, 2020                                              s/Thomas L. Ludington
                                                                 THOMAS L. LUDINGTON
                                                                 United States District Judge