UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATRICK JOSEPH GROULX,

        Plaintiff,                       Case No. 19-12560

v.                                           Honorable Thomas L. Ludington
                                             Magistrate Judge Patricia Morris

CROP PRODUCTION SERVICES,

        Defendant.
_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYNG PLAINTIFF'S MOTIONS AS MOOT, AND DISMISSING COMPLAINT**

*Pro se* Plaintiff Patrick Groulx originally filed this case in Bay County Circuit Court but the case was removed to this Court on August 30, 2019. ECF No. 1. Plaintiff's complaint centers around Defendant's alleged spraying of a neighboring property resulting in chemical drift to his own property that he asserts caused damage to his property, person, and livestock (bees). On September 6, 2019, Defendant filed a motion to dismiss. ECF No. 6. The motion was granted in part and denied in part, based upon Magistrate Judge Morris' recommendation. ECF Nos. 24, 38. One count remained, Count IV for negligence.

On July 1, 2020, Defendant filed a motion for summary judgment. ECF No. 50. In response, Plaintiff filed a myriad of motions, including an emergency motion to compel (ECF No. 52), a motion to reply to a response (ECF No. 53), an emergency motion for summary judgment (ECF No. 56), a motion for order (ECF No. 57), a motion to have Plaintiff treat Defendant as "hostel" (ECF No. 58), and four motions to expedite (ECF Nos. 62, 63, 68, 69). Plaintiff and Defendant also filed various responses and replies. On September 22, 2020, Magistrate Judge Morris issued her Report and Recommendation. ECF No. 71. She recommended granting Defendant's motion for summary

judgment, denying Plaintiff's motions as moot, and dismissing the complaint. On October 4, 2020, Plaintiff filed nine separate objections on the docket. ECF Nos. 72–80.

## I.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform

identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

## II.

### A.

In his first objection, "Plaintiff requests this Court to show leniency since he is truly the only one standing up against a billion dollar corporation while dealing with PAIN and enforce pro se rights to fix deviancies and amend his Complaint. Plaintiff should be granted an opportunity to remedy errors or misunderstandings pursuant to [Ninth Circuit caselaw]." ECF No. 72 at PageID.550–51 [sic throughout] (emphasis in original). In this objection, Plaintiff appears to seek leniency as a *pro se* filer and wishes to rectify his errors. However, Plaintiff does not identify an error on Magistrate Judge Morris' part.

Further, according to the Federal Rules of Civil Procedure, a plaintiff has a right to amend a complaint once as of right 21 days after serving it or 21 days after service of a responsive pleading or after a motion to dismiss. FRCP 15 (a)(1). A plaintiff may also amend its complaint at a later date with the opposing party's consent or the court's blessing. FRCP 15(a)(2). It appears Plaintiff did not seek to amend his complaint either as of right or by request. Plaintiff's objection to Magistrate Judge Morris' Report and Recommendation based upon his *pro se* status alone is insufficient to seek leave to file an amended complaint. Plaintiff's first objection will be overruled.

### B.

In his second objection, Plaintiff states he "was never given an opportunity to amend his complaint; the Court should allow Plaintiff 90 days to amend the complaint." ECF No. 73 at PageID.552. In support, Plaintiff cites to a Ninth Circuit case, *Elridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987).

That case discussed a Magistrate Judge's ruling that a *pro se* plaintiff must comply with the local rules or face dismissal. However, the Magistrate Judge did not identify the specific deficiencies, so the Ninth Circuit held it was an abuse of discretion to refuse to grant an extension of time to address the deficiencies. *Id.* at 1136. However, in the instant case, according to the docket, Plaintiff has not sought to amend his complaint in the 13 months the case has been pending in federal court. Plaintiff cannot allege he was never given the opportunity to amend his complaint when there is no evidence he attempted to amend it previously. Plaintiff has failed to identify an error in Magistrate Judge Morris' Report and Recommendation and his second objection will be overruled.

## C.

In his third objection, Plaintiff states that he "thought that e-filing meant that he did not have to keep filing the same document that supports another document." ECF No. 74 at PageID.554. It is unclear which documents Plaintiff is referring to and what specifically he is objecting to in the Magistrate Judge's Report and Recommendation. A party objecting to a Report and Recommendation "ha[s] the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira*, 806 F.2d at 637. Plaintiff fails to identify a part of Magistrate Judge Morris' Report and Recommendation that he alleges is in error. Therefore, his third objection will be overruled.

## D.

In his fourth objection, Plaintiff asks this Court to dismiss the report and recommendation "for violating due process." ECF No. 75 at PageID.557. Specifically, Plaintiff alleges that the report and recommendation

> should be denied for being confusing as it is read in the 'Analysis' marked as number 2 on page 9

> 2. Plaintiff's motions (ECF Nos. 52, 53, 56, 57, 58, 62, 63, 68, and 69)
>
> Since I recommend that Defendant's motion for summary judgment be denied, I further recommend that Plaintiff's motions be denied as moot.
>
> Maxims say anything contradictory or vague is an unconstitutional right to guess at what the Court means, guessing is a violation of due process of intelligent people.

ECF No. 75 at PageID.556–57 [sic throughout]. The section of the report and recommendation quoted by Plaintiff states that an analysis of Plaintiff's motions is unnecessary because Magistrate Judge Morris recommended Defendant's motion for summary be granted, thereby concluding the case. Plaintiff does not identify any deficiency in the recommendation regarding Defendant's motion for summary judgment. Federal courts may not enter advisory opinions when there is no longer a case in controversy. *Fialka-Feldman v. Oakland University Board of Trustees*, 639 F.3d 711, 715 (6th Cir. 2011). Because Magistrate Judge Morris concluded the Defendant's motion for summary judgment should be granted, there is no further controversy at issue. As such, Plaintiff's motions are moot and any opinion on their merits would be an advisory opinion. Plaintiff's fourth objection citing a violation of due process will be overruled.

**E.**

In his fifth objection, Plaintiff argues

> [i]t is [his] right to have a JURY TRIAL, granting any judgment against Plaintiff is a violation of His Constitutional Rights. Summary Judgments do not envelope the Constitution, but the Constitution envelopes the Laws, Rules, and Polices of the United States. Plaintiff is the one who DEMANDED A JURY by right not the defendant.

ECF No. 76 at PageID.558 [sic throughout]. Therefore, Plaintiff alleges "[a]pproving any judgment in full or part against a person who demanded a jury trial is violating that person's Right." *Id.*

Plaintiff is correct that the Seventh Amendment to the U.S. Constitution guarantees a party a right to a trial by jury in most civil cases where money damages are sought. U.S. Const. amend. VII. However, the granting of a motion for summary judgment does not violate that right. *Leary v. Daeschner*, 349 F.3d 888, 910 (6th Cir. 2003) ("If there are no issues for a jury, it is not error for the district court to dismiss the Plaintiffs' claims pursuant to a summary judgment motion, thereby implicitly denying their demand and motion for a jury trial."). Accordingly, Plaintiff's fifth objection will be overruled.

**F.**

In his sixth objection, Plaintiff argues that

> [b]eing assaulted/molested with pesticide aka a chemical weapon, has caused Plaintiff to file this suit and is asking the Court to allow Plaintiff 90 days to amend his complaint, 60 days to amend his response to defendant's summary judgment with 60 days to amend Plaintiff's Partial Summary Judgment [because] there is extremely way too much evidence to dismiss this matter.

ECF No. 77 at PageID.560 [sic throughout]. However, Plaintiff does not identify the missing evidence that would allegedly dispute Defendant's motion for summary judgment. Neither does he specifically allege any error in Magistrate Judge Morris' Report and Recommendation. Plaintiff could have sought to amend his complaint earlier in the case. Plaintiff is correct that he "is entitled to procedural protections." He may amend his complaint as of right or by leave of the court, respond to Defendant's motion to dismiss and his motion for summary judgment, and object to alleged errors in Magistrate Judge Morris' Report and Recommendation. However, these "protections," without further explanation, do not extend to a right to amend a complaint after discovery has closed, dispositive motions have been filed, and Magistrate Judge Morris issued her report and recommendation. Plaintiff's sixth objection will be overruled.

**G.**

Plaintiff argues in his seventh objection that he "has a due process of right to amend his pleadings." ECF No. 78 at PageID.562. However, as explained above, Plaintiff does not have a due process right to amend his complaint this late in the case. His seventh objection will be overruled.

**H.**

In his eighth objection, Plaintiff argues, again, that he

> has a right to amend his complaint, his response to defendant's summary judgment, and possibly amend his partial summary judgment, and since there is overwhelming evidence scattered throughout 70 documents that boundary 6.5 ec is a pesticide aka chemical weapon, that the wind on may 19, 2019 was at 6 mph N/NE traveling S/SW, and that Boundary 6.5 ec has some serious product liability issues, Plaintiff's filings should be argued and granted.

ECF No. 79 at PageID.564 [sic throughout]. Again, as discussed above, Plaintiff on account of his *pro se* status and unidentified evidence does not have a right to amend his complaint, responses, and motions this late in the case. Plaintiff's eighth objection will be overruled.

**J.**

Plaintiff's ninth objection simply repeats his eighth objection, that he "should have the right to amend his pleading under pro se rights." ECF No. 80 at PageID.566. Again, Plaintiff does not have a right to amend his complaint simply based upon his pro se status. Plaintiff's ninth objection will be overruled.

**IV.**

Accordingly, it is **ORDERED** that Plaintiff's objections to Magistrate Judge Morris' Report and Recommendation, ECF Nos. 72–80, are **OVERRULED**.

It is further **ORDERED** that the Magistrate Judge's Report and Recommendation, ECF No. 71, is **ADOPTED**.

It is further **ORDERED** that Defendant's Motion for Summary Judgment, ECF No. 50, is **GRANTED**.

It is further **ORDERED** that Plaintiff's Motions, ECF Nos. 52, 53, 56, 57, 58, 62, 63, 68, 69 are **DENIED** as moot.

It is further **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED**.

Dated: October 7, 2020                                s/Thomas L. Ludington
                                                      THOMAS L. LUDINGTON
                                                      United States District Judge